IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01737-BNB

IYMAN FARIS,

   Plaintiff,

v.

J. SANDS (Senior Officer),

   Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 1 2006

GREGORY C. LANGHAM
CLERK

ORDER TO SHOW CAUSE

Plaintiff Iyman Faris is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Faris initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. As relief Mr. Faris seeks money damages and restoration of lost good time credits.

The court must construe the complaint liberally because Mr. Faris is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Faris will be ordered to show cause why the complaint should not be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Faris is a prisoner confined in a correctional facility. He asserts one claim of cruel and unusual punishment. In support of that claim he alleges that Defendant assaulted him on June 9, 2005, and subjected him to excessive force. Because this claim relates to prison conditions, Mr. Faris must exhaust the available administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Faris must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211.

Mr. Faris has not submitted copies of any administrative grievances. Although he alleges that he has exhausted the available administrative remedies, he fails to describe with specificity how he has exhausted those administrative remedies. Instead, he asserts that "[t]hey are giving me [the] runaround and telling me to forget about it." (Prisoner Compl. at 7.) It is not clear what Mr. Faris means by this assertion. However, it is clear that this assertion does not describe with specificity how Mr. Faris has exhausted administrative remedies pursuant to the BOP administrative remedy procedure. **See** 28 C.F.R. §§ 542.10 - 542.19. Mr. Faris does not allege when he filed or attempted to file a grievance regarding the cruel and unusual punishment claim he

raises in this action, what response he received to his grievance, or whether he completed the administrative remedy procedure by filing the necessary appeals. Therefore, Mr. Faris will be ordered to show cause why the complaint should not be dismissed for failure to satisfy his burden of pleading exhaustion of administrative remedies. In order to show cause, Mr. Faris must either attach copies of the grievances he filed or describe with specificity how he has exhausted administrative remedies. Accordingly, it is

ORDERED that Mr. Faris show cause in writing **within thirty (30) days from the date of this order** why the complaint should not be dismissed for failure to satisfy his burden of pleading exhaustion of administrative remedies. It is

FURTHER ORDERED that if Mr. Faris fails to show cause to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 11, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01737-BNB

Iyman Faris
Reg. No. 46680-083
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/11/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk